**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4229**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL LANE BREEDEN, a/k/a Daewoo,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:20-cr-00198-BO-1)

_____

Submitted: April 26, 2024                        Decided: May 10, 2024

_____

Before GREGORY and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & ASHTON, PLLC, New Bern, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Michael Lane Breeden of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1] The district court first sentenced Breeden to 108 months' imprisonment. We held that the court erred in how it applied an upward departure from Breeden's advisory Sentencing Guidelines range, vacated the sentence, and remanded for resentencing. *See United States v. Breeden*, No. 21-4671, 2022 WL 17592118 (4th Cir. Dec. 13, 2022). On remand, the district court imposed a 76- month sentence. Breeden again appeals, contending that the district court procedurally erred by failing to adequately explain the sentence. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard."[2] *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, permitted the parties to

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Breeden committed the offense before the June 25, 2022, amendment of the statute.

[2] The Government argues that plain error review applies. We conclude that Breeden's arguments in the district court adequately preserved his claim on appeal of procedural error. *See United States v. Lynn*, 592 F.3d 572, 576-78 (4th Cir. 2010).

2

argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

In evaluating a sentencing court's explanation of a selected sentence, we consistently have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (cleaned up).

We conclude that the district court's explanation of the sentence was adequate. Breeden proceeded pro se and solely argued that the court shouldn't consider acquitted conduct and complained about the search of his residence. The latter is simply not relevant to sentencing. The former is foreclosed by our prior opinion, which held the district court

3

did not err in considering acquitted conduct at sentencing. *See United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012) (recognizing that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court"). And the district court's statement that it had reviewed our opinion shows that it knew this issue was not properly before it. Furthermore, the district court's comment that the judge who imposed Breeden's original sentence could have fashioned an upward variance to achieve his desired sentence demonstrated the court's knowledge of the issues that led to the prior appeal. We thus conclude that Breeden's sentence is procedurally reasonable.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*